Commonwealth *v.* Pifer, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Menno B. Rohrer,* for appellant.

*Henry J. Rutherford,* Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 9, 1970:

Jack Pifer was arrested and charged with assault with intent to ravish, public indecency and indecent assault in 1962. He pleaded guilty to all these charges and, on August 17, 1962, was committed to the Harrisburg State Hospital pending sentencing. Three years later Pifer was returned to the Lancaster County Prison by virtue of the hospital's diagnosis that although he was not psychotic, he did require protective custody as a mental defective. Shortly thereafter the warden of the county gaol filed a petition with the trial court under the Act of May 25, 1937, P. L. 808, as amended, 61 P.S. §§541-1—541-10, requesting that Pifer be removed from his institution and transferred to the State Correctional Institution at Dallas. As required by the "Dallas Act,"[1] the trial court appointed two qualified

---

[1] "When any male person over the age of fifteen years is convicted of crime before any court . . . and such person is, in the opinion of the . . . superintendent . . . of the institution where maintained, so mentally defective that he should be cared for and maintained in the [State Correctional Institution (at Dallas)], such superintendent . . . shall make application . . . to the court having jurisdiction of the charge against such person, which court, upon the presentation of such petition . . . shall order an inquiry by a psychiatrist and a psychologist or by two qualified physicians as now provided by law, who shall immediately examine the said person and make written report of its findings to the court. If, in the opinion of the psychiatrist and psychologist or the physicians, the person so committed or convicted or held is mentally defective and has criminal tendencies, whether or not coupled with mental instability, he or they shall so state in the report of their examination to the court. The court may, in its discretion, summon other witnesses and secure further evidence. If the court is then satisfied that the person thought to be mentally defective is not insane, nor can be classified as an idiot or imbecile by recognized psychological tests nor a psychopath or an infirmary case, though in fact mentally defective with criminal tendencies, the court shall order the commitment or transfer of such person to the [State Correctional Institution (at Dallas)]. . . ." Act of May 25, 1937, P. L. 808,

physicians to examine Pifer and report their findings to the court. On the basis of this information the trial court sentenced Pifer to Dallas for an indefinite term on May 27, 1966.[2]

In 1967 Pifer filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970), alleging that his commitment to Dallas was unconstitutional because it was made without adequate notice, without a fair hearing, without his having an opportunity to confront the witnesses against him and without his having the opportunity to cross-examine witnesses and offer evidence of his own. Because there was no factual dispute involved in the petition the trial court held no hearing but only held oral argument before denying the petition. The Superior Court affirmed this dismissal, Judges HOFFMAN and SPAULDING dissenting in an opinion written by the former. 215 Pa. Superior Ct. 125, 256 A. 2d 878 (1969).

As a result of the 1966 report on his mental condition Pifer was committed to Dallas for an indefinite term which could exceed the fixed maximum for which he was otherwise eligible. That such a proceeding must be surrounded by due process safeguards is made clear by the decision of the Supreme Court of the United States in *Specht v. Patterson*, 386 U.S. 605, 87 S. Ct.

---

§3, as amended, 61 P.S. §541-3, repealed by Act of July 20, 1968, P. L.    . The provisions of the former 61 P.S. §541-3 were made applicable to the State Correctional Institution at Dallas by the Act of July 29, 1953, P. L. 1440, §6, 61 P.S. §542.6.

[2] Pifer has subsequently been removed from Dallas and committed to Farview State Hospital under the authority of the then current Mental Health Act, Act of June 21, 1951, P. L. 533, art. III, sec. 327 (now repealed). The propriety of appellant's commitment to Dallas is not moot however, since he will be returned to Dallas or a similar institution when his Farview commitment terminates. See Act of October 20, 1966, P. L. 96, 50 P.S. §4411 (Supp. 1970),

1209 (1967), which involved a Colorado sex offender act. The Supreme Court there turned for guidance to a case from the Third Circuit, *United States ex rel. Gerchman v. Maroney*, 355 F. 2d 302, 312 (3d Cir. 1966), and quoted the applicable rule from that case: " 'It [the Colorado act] is a separate criminal proceeding which may be invoked after conviction of one of the specified crimes. Petitioner therefore was entitled to a full judicial hearing before the magnified sentence was imposed. At such a hearing the requirements of due process cannot be satisfied by partial or niggardly procedural protections. A defendant in such a proceeding is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings. He must be afforded all those safeguards which are fundamental rights and essential to a fair trial, including the right to confront and cross-examine the witnesses against him.' Gerchman v. Maroney, 355 F. 2d 302, 312." 386 U.S. at 609-10, 87 S. Ct. at 1212.

The now repealed Dallas Act fell far short of providing for the necessary due process safeguards, and from the uncontested facts in this case it is clear that Pifer's commitment was accordingly improper.

The order of the Superior Court is reversed, the appellant's 1966 commitment to Dallas is vacated, and the case is remanded for further consistent proceedings.